Lee County v. Deming.

———————⊙⊛⊙———————

## LEE COUNTY *et. al. v.* DEMING.

By act of 1848, the district court of Lee county, was authorized to hold terms at Keokuk, provided the city furnish the necessary rooms free of charge; held that the county is not liable for the rent of such rooms.

### ERROR *to Lee District Court.*

*Opinion by* KINNEY, J. Action of assumpsit brought by defendant in error against the commissioners for the rent and occupation of a room in the city of Keokuk, for the purpose of holding a term of the district court. Plea general issue. The case was submitted to the court below, upon a written agreement, in which it is agreed by the parties, that at the January term of 1850, the judge of the district

court directed the sheriff of the county to procure a suitable room in the city of Keokuk, in which to hold said term of court, and that in pursuance of said direction the sheriff engaged a room at three dollars per day, and that the court occupied it twenty-two days. Upon this agreed state of facts, the court decided that the county was liable and accordingly rendered judgment in favor of the defendants in error. It is contended that this decision is erroneous. An act regulating and fixing the time and place of holding the district court, in and for the first judicial district, approved January 24, 1848, provides for the holding of a court in the city of Keokuk ; *Provided*, that the authorities of the city of Keokuk shall furnish free of charge the necessary rooms for holding court in said city. Anterior to the passage of this law the courts for Lee County were exclusively held at Fort Madison, the county seat. At that place the county had erected a court house where the county business was transacted. The law of 1848, does not seek to change the county seat, but merely for the convenience of the citizens of the city of Keokuk, and the immediate vicinity, the legislature permitted the courts to be held there and at Fort Madison alternately. But as the county had already erected a court house at a point suited to the convenience of the people, no additional expense to the county by way of a building or room for holding the court was to be incurred. The legislature by express provision, guarded against any expense to the county in consequence of establishing a court at Keokuk, by requiring the authorities of that city to furnish the necessary rooms for holding court free of charge. But it is said that the sheriff under the direction of the court engaged the room and as he was an officer of the county, that the county commissioners are liable.

The sheriff had no right to make a contract even under the direction of the judge, binding upon the county, unless authorized to do so by law. The board of county commissioners could make contracts only by virtue of the power

conferred upon them by the legislature, and inasmuch as they did not possess the power to contract for a room in Keokuk for holding court, the sheriff certainly had no such power and they cannot be liable. The law fixing the court at the city of Keokuk, virtually declares that the county shall not pay the expense of the rooms for holding court, consequently any act of the commissioners assuming liability would be in violation of the law, and therefore of no effect. If the board of commissioners could not make a contract by which the people should be obliged to pay for the use of the room, most certainly any contract that the sheriff would make would not be binding upon the county. But it is said that the city of Keokuk without her consent cannot be compelled to pay for the use of the room, and hence the defendants in error are without remedy unless the county is liable. With that question we have nothing to do. If true, and if the defendants have no remedy, it is no argument in favor of the collection of a debt against a party that did not and could not assume any liability in the premises. We think that the court erred in rendering judgment against the county.

Judgment reversed.

*J. C. Hall*, for plaintiff in error.

*R. P. Lowe*, for defendant.